RYAN ALEXANDER
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALICE WOOTEN, an Individual<br><br>Plaintiff,<br><br>v.<br><br>SAKS & COMPANY LLC, a Delaware Limited Liability Company doing business as "SAKS FIFTH AVENUE", DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-928<br><br>**COMPLAINT**<br><br>**CAUSES OF ACTION:**<br>1) **Discrimination and Retaliation under 42 U.S.C. §2000e**<br>2) **Discrimination and Retaliation under NRS 613.330**<br>3) **Negligent Infliction of Emotional Distress**<br>4) **Negligent Hiring, Retention or Supervision** |

COMES NOW, Plaintiff ALICE WOOTEN ("Plaintiff," "WOOTEN"), by and through her attorney of record, Ryan Alexander, Esq. of Ryan Alexander, Chtd., as and for her complaint against Defendant SAKS & COMPANY LLC, a Delaware Limited Liability Company doing business as "SAKS FIFTH AVENUE", DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive (hereinafter collectively referred to as "Defendant"), and hereby complains, alleges and states as follows:

## PARTIES

1. Plaintiff ALICE WOOTEN is a resident of Clark County, Nevada and is an employee of Defendant SAKS, INC.

2. Defendant SAKS & COMPANY LLC, is a Delaware Limited Liability Company doing business in Clark County, State of Nevada, under the trade name SAKS FIFTH AVENUE.

1

3. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendant hereinafter designated as DOES I through X, inclusive, and/or ROE CORPORATIONS I through X, inclusive, who are in some manner responsible for injuries described herein, are unknown at this time. Plaintiff, therefore, sues said Defendant by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

4. Upon information and belief, at all times pertinent, Defendant were agents, servants, employees or joint ventures of every other Defendant herein, and at all time mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other Defendants.

5. The Defendants are jointly and severally liable for each Defendant's actions.

### VENUE AND JURISDICTION

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 to redress the wrong done to them. Such action constituted discrimination on the basis of national origin and race discrimination and retaliation.

7. Plaintiff timely submitted charges of discrimination on the basis of race and color discrimination and retaliation to the United States Equal Rights Opportunity Commission (EEOC). The EEOC assumed jurisdiction over Plaintiff's jurisdiction over Plaintiff's charges pursuant to Title 42 United States Code § 2000 (e).

8. Plaintiff was issued a "notice of right to sue within 90 days" from the EEOC on or about February 26, 2020.

9. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000 (e).

10. This Court has supplemental jurisdiction over the remaining Claims for Relief.

11. Venue for all causes of action stated herein lies in the District of the State of Nevada pursuant to 28 U.S.C. § 1391 as the acts alleged as a basis for federal claims took place within the boundaries of that district.

**GENERAL ALLEGATIONS**

12. Plaintiff WOOTEN is an adult African-American/mixed race, brown-skinned female, and was an employee of Defendant SAKS until the incidents at issue occurred.

13. The Defendants are employers within the State of Nevada and within the jurisdictional coverage of *Title VII of the Civil Rights Act*.

14. WOOTEN, an experienced high-fashion retail salesperson, was hired by SAKS as a Sales Associate in March 2014.

15. On or about August 24, 2016, WOOTEN filed a charge of discrimination with the Nevada Equal Rights Commission ("NERC"), Charge 1103-16-0600L. The basis of the charge for race and age discrimination was that in 2015 and 2016, non-Black employees under 60 years old subjected WOOTEN to disparate treatment including, inter alia, taking sales away, manipulating sales metrics, rotated out of preferred sales lines, physical assault, name-calling and discipline based on false accusations of younger, non-Black sales employees. WOOTEN made multiple reports to her non-Black supervisors and managers to no avail.

16. After receiving the NERC charge of discrimination, SAKS subjected WOOTEN to further harassment, pressure from management and undue scrutiny from managers.

17. Charge 1103-16-0600L was served on SAKS on or about December 2016.

18. Immediately thereafter, SAKS began to subject WOOTEN to different terms and conditions of employment after she filed NERC Charge 1103-16-0600L.

19. SAKS manager Merry Judd told WOOTEN that this increased monitoring and supervision was that SAKS, "trying to see what [WOOTEN is] going to do with the sale."

20. SAKS stopped producing work performance reviews for WOOTEN.

21. SAKS falsely accused WOOTEN of trying to obtain customer credit card information while off duty in breach of company policy; what had happened was that WOOTEN had a co-worker who was on-shift contact the customer to process a sale from the store, per SAKS operating procedure.

22. SAKS also refused to provide WOOTEN information about her customer sales and credit, while providing this information to non-black co-workers who had not filed discrimination charges.

23. Further, WOOTEN was injured by another SAKS asset protection employee (security) who was chasing a shoplifter. WOOTEN filed a worker's compensation claim and was subject to further retaliatory treatment by SAKS managers and employees.

24. The conditions of WOOTEN'S employment were intolerable.

25. SAKS and its principals and managers intentionally created or had knowledge of the intolerable conditions and failed to remedy the situation.

26. Defendants, their agents' and employees' discriminatory and retaliatory conduct created a work environment extremely detrimental to Plaintiff's emotional and physical health, interfered with Plaintiff's work performance, and caused acute emotional distress.

27. Plaintiff suffered consequential and economic damages because of the retaliatory conduct.

28. The aforementioned acts and conduct by Defendants, their agents and employees were intentional, willful, wanton, malicious, and outrageous.

## FIRST CLAIM FOR RELIEF

### (Discrimination and Retaliation under 42 U.S.C. § 2000e)

29. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

30. The above discriminatory and retaliatory pattern and practice by defendant, its agents and employees violates *Title VII of the 1964 Civil Rights Act*, 42 U.S.C. § 2000e.

31. Plaintiff engaged in a protected activity, suffered an adverse employment action and there was a causal link between her activity and the employment decision.

32. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

33. Due to the Defendants' conduct, Plaintiff was forced to retain Ryan Alexander, Chtd. to prosecute this action, and is entitled to an award of reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

### (Discrimination and Retaliation under NRS 613.330)

34. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

35. The actions of Defendants, its agents and employees, violated Nevada Revised Statutes 613.330.

36. As a direct and proximate result of said acts, Plaintiff suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation, all to Plaintiff's damage in an amount to be determined.

37. The acts theretofore complained of were intentionally done by Defendants and were done with malice and oppression, and, as a result, Plaintiff requests an award of punitive damages in an amount in excess in an amount to be determined.

38. Due to the Defendants' conduct, Plaintiff was forced to retain Ryan Alexander, Chtd. to prosecute this action, and is entitled to an award of reasonable attorney's fees and costs.

### THIRD CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress)

39. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

40. The actions of Defendants, their agents and employees constitute negligent infliction of emotional distress upon Plaintiff.

41. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

42. Due to the Defendants' conduct, Plaintiff was forced to retain Ryan Alexander, Chtd. to prosecute this action, and is entitled to an award of reasonable attorney's fees and costs.

### FOURTH CLAIM FOR RELIEF

### (Negligent Hiring, Retention or Supervision)

43. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

44. Defendant SAKS had a duty to properly supervise the employees.

45. The managing members of Defendants had the duty of assuring proper conduct by the employees under their direction and supervision.

46. Defendant breached their duty to supervise when the managers failed to take corrective

action and proper arrangements for WOOTEN.

47. As a direct and proximate result of Defendants' negligent supervision, WOOTEN has suffered, and will continue to suffer, emotional distress and psychological trauma impairing her daily life, all to her damage.

48. Due to the Defendants' conduct, Plaintiff was forced to retain Ryan Alexander, Chtd. to prosecute this action, and is entitled to an award of reasonable attorney's fees and costs.

…

**JURY DEMAND**

Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

…

WHEREFORE, Plaintiff is entitled to judgment in her favor and against Defendants, jointly and severally, as follows:

1. For an award of past and future damages, including damages for past lost wages and benefits, anxiety, emotional distress, and suffering;
2. For all costs and all attorneys' fees incurred and accrued in these proceedings under 42 U.S.C. § 2000e-5(k);
3. For interest thereon at the legal rate until paid in full;
4. For punitive and compensatory damages in an amount to be determined by this court; and
5. For such other and further relief as the Court may deem just and proper.

Dated May 25, 2020.

RYAN ALEXANDER, CHTD.

RYAN ALEXANDER
Nevada Bar No. 10845
*Attorney for Plaintiff*